RENDERED: JUNE 13, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0197-MR

RICHARD ELY          APPELLANT

v.          APPEAL FROM BELL CIRCUIT COURT
HONORABLE KEITH A. NAGLE, JUDGE
ACTION NO. 17-CR-00458

COMMONWEALTH OF KENTUCKY          APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: THOMPSON, CHIEF JUDGE; ACREE AND A. JONES, JUDGES.

THOMPSON, CHIEF JUDGE: Richard Ely (Appellant) appeals from an order of the Bell Circuit Court denying his motion for Kentucky Rules of Criminal Procedure (RCr) 11.42 relief from judgment based on ineffective assistance of counsel. Appellant argues that he was entitled to RCr 11.42 relief because his trial counsel did not thoroughly investigate the facts nor produce exculpatory witnesses. He also claims that appellate counsel was ineffective for failing to allege ineffective assistance of trial counsel and for failing to file a motion for

discretionary review with the Kentucky Supreme Court following his direct appeal

to this Court. After careful review, we find no error and affirm the order of the

Bell Circuit Court which denied Appellant's motion for RCr 11.42 relief.

## FACTS AND PROCEDURAL HISTORY

This matter was previously before another panel of this Court on

direct appeal from Appellant's conviction on one count each of sexual abuse in the

first degree and indecent exposure in the first degree.[1] That panel stated the facts

as follows:

> On August 28, 2017, victim left a haircut
> appointment with his mother. Victim was being carried
> on his mother's hip to his mother's car, which was
> parked in front of the library, when Ely approached them.
> Ely unzipped his pants, pulled out his penis and began to
> stroke himself, masturbating. Victim's mother was upset
> by his actions, but before she could leave she had to get
> victim into his car seat, Ely sat down while she put
> victim in his car seat and then stood up and continued
> masturbating in her view while they drove off. Victim's
> mother called the police.
>
> Based on victim's mother's description, officers in
> the vicinity immediately located Ely in an alley near the
> library. They requested Ely stand and hold his arms out.
> When he obeyed, they saw that his pants were unzipped,
> and his penis was outside his pants.
>
> After Ely was arrested, victim's mother identified
> Ely out of a photo array. Video cameras on the library
> captured Ely and his actions.

---

[1] Kentucky Revised Statutes (KRS) 510.110 and KRS 510.148.

Ely was indicted on September 27, 2017, on one count of sexual exposure in the first degree and two counts of indecent exposure in the first degree. The first two counts were based on Ely's actions towards victim and the third was based on other children likely being present by the library when Ely's actions took place. The second count of indecent exposure was dismissed by the Commonwealth before trial.

At the trial, testimony was provided by the police and victim's mother. After the Commonwealth's case-in-chief and at the conclusion of the trial, Ely made requests for a directed verdict on both counts, which were denied. The jury found Ely guilty of both counts based on his actions toward victim. The jury recommended the maximum sentence of ten years on first-degree sexual abuse and ninety days and a $250 fine on first-degree indecent exposure. After a presentence investigation report was filed, on March 2, 2018, Ely was sentenced in accordance with the jury's recommendation to concurrent sentences.

*Ely v. Commonwealth*, No. 2018-CA-000461-MR, 2020 WL 39973, *1 (Ky. App. Jan. 3, 2020).

On January 3, 2020, the panel of this Court affirmed Appellant's conviction and sentence. Appellant then attempted to seek discretionary review before the Kentucky Supreme Court. His *pro se* motion seeking discretionary review was improperly filed, resulting in an order dismissing his motion rendered on July 20, 2020.

On January 3, 2024, Appellant, *pro se*, filed a motion in Bell Circuit Court to vacate his conviction and sentence per RCr 11.42. In support of the

motion, Appellant alleged that he did not receive the effective assistance of counsel at trial to which he was entitled, as trial counsel improperly failed to investigate the facts and call exculpatory witnesses. After determining that Appellant was not entitled to a hearing, the circuit court denied Appellant's motion for relief from judgment. This appeal followed.

## ARGUMENTS AND ANALYSIS

Appellant, *pro se*, argues that the Bell Circuit Court erred in denying his RCr 11.42 motion to vacate his conviction and sentence. He argues that his trial counsel was ineffective in failing to fully investigate the matter and in failing to call certain witnesses. He also argues that his appellate counsel was ineffective for failing to allege on appeal that his trial counsel was ineffective and for failing to file a motion seeking discretionary review before the Kentucky Supreme Court. He requests an opinion reversing his conviction and remanding the matter to the Bell Circuit Court.

To prevail on a claim of ineffective assistance of counsel, Appellant must show two things:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so

-4-

serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). "[T]he proper standard for attorney performance is that of reasonably effective assistance." *Id.*

> An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment. The purpose of the Sixth Amendment guarantee of counsel is to ensure that a defendant has the assistance necessary to justify reliance on the outcome of the proceeding. Accordingly, any deficiencies in counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance under the Constitution.

*Id.* at 691-92, 104 S. Ct. at 2066-67 (citation omitted). "It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." *Id.* at 693, 104 S. Ct. at 2067. "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694, 104 S. Ct. at 2068. Additionally, "a hearing is required only if there is an issue of fact which cannot be determined on the face of the record." *Stanford v. Commonwealth*, 854 S.W.2d 742, 743-44 (Ky. 1993).

Appellant's motion for RCr 11.42 was not timely filed. Any motion under RCr 11.42 must be filed within three years after the judgment becomes final, unless the facts that formed the basis of the motion were not known or could not have been ascertained, or that the fundamental constitutional right being asserted was not provided within the period provided for in the rule and was being applied retroactively. RCr 11.42(10)(a) and (b). Appellant's conviction and sentence became final when the Kentucky Supreme Court dismissed his motion for discretionary review on July 20, 2020. His motion for RCr 11.42 relief was not filed within three years of July 20, 2020. The untimeliness of his motion, taken alone, forms a sufficient basis for affirming the Bell Circuit Court's order denying Appellant's motion.[2]

Appellant also did not satisfy the elements of *Strickland*, *supra*. He did not 1) demonstrate that his trial counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment; nor, 2) show that the deficient performance prejudiced his defense. Appellant provides no basis for concluding that further investigation by his trial counsel would have uncovered exculpatory evidence or witnesses. Such an argument is wholly speculative, and insufficient to meet the elements of *Strickland*.

---

[2] As noted by the Commonwealth, the Bell Circuit Court did not address the timeliness of Appellant's motion. We may affirm the circuit court, however, for any reason supported by the record. *Emberton v. GMRI, Inc.*, 299 S.W.3d 565, 576 (Ky. 2009).

He has fallen woefully short of demonstrating errors so serious that he did not receive the constitutional representation to which he was entitled. Further, his mere speculation as to the effects of further investigation by counsel, nor the discovery of exculpatory witnesses – who he does not name – does not demonstrate that his defense was prejudiced for purposes of applying *Strickland*.

The Commonwealth presented overwhelming evidence at trial of Appellant's guilt, include eyewitness testimony of the minor victim's mother who directly observed the offense. Appellant was close enough to the victim's mother that he looked her in the eye. He stopped his activity while she placed her child in her vehicle's child seat, then recommenced after she had accomplished that task. In addition, the police testified that immediately after the offense, they located Appellant in an alley with his penis exposed. Further, there was video evidence supporting the jury's guilty verdict.

In sum, the evidence at trial was sufficient to support the jury's guilty verdict, while in contrast, Appellant has presented no evidence of trial counsel's ineffectiveness. For these reasons, Appellant's appellate counsel also was not ineffective in failing to raise an ineffective assistance claim on appeal, nor for choosing not to see discretionary review before the Kentucky Supreme Court. And finally, Appellant was not entitled to a hearing on his motion, as the motion was justiciable by reference to the record. *Stanford*, *supra*; RCr 11.42(5).

## CONCLUSION

In order to prevail on his claim of ineffective assistance of counsel, Appellant is required to overcome the strong presumption that trial counsel's conduct fell within the wide range of reasonableness. *Strickland*, *supra*. He has not met this burden. Accordingly, we affirm the order of the Bell Circuit Court.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Richard Ely, *pro se*
Burgin, Kentucky

BRIEF FOR APPELLEE:

Russell Coleman
Attorney General of Kentucky

Ken W. Riggs
Assistant Attorney General
Frankfort, Kentucky